# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## AT CLEVELAND, OHIO

| | |
|---|---|
| FIDELITY & DEPOSIT COMPANY OF MARYLAND<br>1299 Zurich Way<br>Schaumburg, IL 60196 | :<br>:<br>:<br>: |
|       Plaintiff | : CASE NO.<br>:<br>: JUDGE |
| v. | :<br>: |
| OMNI CONSTRUCTION COMPANY, INC<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219 | :<br>:<br>:<br>:<br>:<br>: |
|   and | :<br>: |
| RICHARD STONE<br>70 Stonewood Dr.<br>Moreland Hills, OH 44022 | :<br>:<br>:<br>: |
|   and | :<br>: |
| SUZANNA L. STONE<br>70 Stonewood Dr.<br>Moreland Hills, OH 44022 | :<br>:<br>:<br>: |
|       Defendants. | : |

## COMPLAINT OF FIDELITY & DEPOSIT COMPANY OF MARYLAND
## FOR INDEMNITY

NOW COMES the Plaintiff, Fidelity & Deposit Company of Maryland, by and through its counsel Lee M. Brewer and the law firm of Bryan & Brewer, LLC, and for its Complaint against defendants Omni Construction Company, Inc., Richard Stone and Suzanne Stone states as follows:

1

## PARTIES

1. Fidelity & Deposit Company of Maryland ("F&D") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Schaumburg, Illinois, and is authorized to conduct business as a surety in the State of Ohio.

2. Upon information and belief, defendant Omni Construction Company, Inc. ("Omni"), is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cleveland, Ohio.

3. Upon information and belief, CT Corporation System, located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219 is the agent for service of process for Omni.

4. Upon information and belief, defendant Richard Stone is an individual residing at 70 Stonewood Dr., Moreland Hills, Ohio 44022 and was and/or is the President of Omni.

5. Upon information and belief, defendant Suzanna L. Stone is an individual residing at 70 Stonewood Dr., Moreland Hills, Ohio 44022.

## JURISDICTION AND VENUE

6. F&D restates and re-alleges the preceding paragraphs above as if fully rewritten herein.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a), in that the Plaintiff and Defendants are from different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

## FACTS COMMON TO ALL COUNTS

9. F&D restates and re-alleges the preceding paragraphs above as if fully rewritten herein.

10. Omni, at all relevant times herein, performed construction work and provided commercial general contracting services for projects in the State of Ohio and elsewhere in the United States of America.

11. In order to perform its work, on multiple projects Omni was required to obtain a surety bond(s).

12. Omni requested that F&D undertake to act as its surety on multiple projects.

13. Prior to undertaking to act as surety to Omni, F&D required that Omni, Richard Stone and Suzanna L. Stone (hereinafter referred to collectively as the "Individual Indemnitors") execute a General Indemnity Agreement ("GIA")

14. On or about August 28, 2013, Omni and the Individual Indemnitors executed the GIA. A true and accurate copy of the GIA is attached hereto has Exhibit A.

15. F&D undertook to execute, as surety, performance and payment bonds wherein Omni was the bond principal for the projects known as among others, Kroger Store #26-0575 in Springfield, TN, Kroger Store #026-00605 in Madison, AL, Hilton Home 2 Suites; Village Cooperative of Lee's Summit, Village Cooperate of Lawrence, Wood Springs Suite in Fridley, MN, Jefferson City, MO Retirement, Racine Retirement, LLC and Woodspring (the "Bonds").

16. Subsequent to its execution of the Bonds, F&D received multiple claims alleging that Omni failed to perform its obligations under the bonded contracts by failing to perform its work in accordance with the contract plans and specifications and/or by failing to pay its labor and/or material suppliers.

17. Despite F&D's multiple requests to Omni and the Individual Indemnitors to cure Omni's defaults on the bonded contracts, Omni and the Individual Indemnitors failed and/or refused to do so resulting in F&D suffering damages in excess of $1,000,000.00.

18. F&D has incurred and will continue to incur losses, costs, and expenses, including attorney fees, to conduct its claim investigations, satisfy claims against the Bonds, pursue its subrogation rights and pursue its indemnity rights against Omni and the Individual Indemnitors and will continue to do so until this matter is fully resolved.

## COUNT I - CONTRACTUAL INDEMNIFICATION

19. F&D restates and re-alleges the preceding paragraphs as if fully rewritten herein.

20. Pursuant to Paragraph 2 of the GIA, Omni and the Individual Indemnitors agreed to indemnify and hold F&D harmless, which paragraph states that they:

> [S]hall exonerate, indemnify, and hold Surety harmless from any and all liability and Loss, sustained or incurred, arising from or related to: (a) any Bond, (b) any Claim, (c) any Indemnitor failing to timely and completely perform or comply with this Agreement, (d) Surety enforcing this Agreement or (e) any act of Surety to protect or procure any of Surety's rights, protect or preserve any of Surety's interests, or to avoid, or lessen Surety's liability or alleged liability. The liability of Indemnitors to Surety under this Agreement includes all Claims made on Surety, all payments made, Loss incurred, and all actions taken by Surety under the Good Faith belief that Surety is, would be or was liable for the amounts paid or the actions taken, or that it was necessary or expedient to make such payments or take such actions, whether or not such liability, necessity or expediency existed. Indemnitors shall promptly, upon demand, make payment to Surety as soon as liability or Loss exists, whether or not Surety has made any payment. An itemized statement of Loss, sworn to by any officer of Surety, or the voucher or other evidence of any payment, shall be *prima facie* evidence of the fact, amount and extent of the liability of Indemnitors for such Loss. Indemnitors shall promptly, upon demand, procure the full and complete discharge of Surety from all bonds and all liability in connection with such Bonds. If Indemnitors are unable to obtain discharge of any or all such Bonds within the time demanded, Indemnitors shall promptly deposit, with Surety an amount of money that Surety determines is sufficient to collateralize or pay any outstanding bonded obligations.

21. Omni and the Individual Indemnitors are required to indemnify and save harmless F&D from and against all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected with F&D executing the Bonds, including but not limited to fees of attorneys and other expenses, costs and fees of investigation, adjustment of claims,

procuring or attempting to procure the discharge of the Bonds and attempting to recover losses or expenses from Indemnitors or third parties, whether F&D shall have paid or incurred same.

22. To date, Omni and the Individual Indemnitors have failed and/or refused to perform their obligations in accordance with the express terms of the GIA.

23. As a direct and proximate result of Omni and the Individual Indemnitors' breach of the GIA, F&D has incurred costs, expenses and attorney fees in an amount in excess of $1,000,000.00, and will continue to incur costs, expenses, and attorney fees until this matter is resolved.

24. F&D is entitled to an Order requiring Omni and the Individual Indemnitors to immediately indemnify it and hold it harmless from and against any loss, cost or expense, including attorney fees, that it has or may incur by reason of having issued the Bonds.

## COUNT II - COMMON LAW INDEMNIFICATION

25. F&D restates and re-alleges the preceding paragraphs as if fully rewritten herein.

26. Pursuant to the Bonds, F&D is surety and Omni is principal.

27. Under the common law of the State of Ohio, Omni, as principal, is obligated to indemnify F&D, its surety, for all losses incurred by reason of having issued the Bonds.

28. F&D has suffered damages in an amount in excess of $1,000,000.00 by reason of its having discharged Omni's obligations on the bonded projects and Omni is obligated to indemnify and reimburse F&D in a like amount.

WHEREFORE, Fidelity & Deposit Company of Maryland prays for judgment as follows:

1. As to Count I, an Order requiring Omni and the Individual Indemnitors to reimburse, indemnify and hold Fidelity & Deposit Company of Maryland harmless for any and all loss, costs and expense, including attorney fees, it has or may

      continue to incur by reason of having executed the Bonds, in an amount in excess of $1,000,000.00, plus pre- and post- judgment interest at the statutory rate;

2. As to Count II, an Order requiring Omni to reimburse and indemnify Fidelity & Deposit Company of Maryland for any and all losses it has or may continue to incur by reason of having executed the Bonds, in an amount in excess of $1,000,000.00;

3. F&D further prays for prejudgment and post-judgment interest on any sums awarded by this Court, inclusive of the costs of the within action; and

4. Any other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ Lee M. Brewer
Lee M. Brewer (0041287)
Jonathan M. Bryan (0065032)
BRYAN & BREWER, LLC
355 E. Campus View Blvd., Ste. 100
Columbus, OH 43235
Telephone: (614) 228-6131
Facsimile: (614) 228-6126
E-mail: lbrewer@bryanandbrewer.com
        jbryan@bryanandbrewer.com
*Counsel for Plaintiff, Fidelity & Deposit Company of Maryland*

S:\DOCS\9900\003\COMPLAIN\00036295.DOCX