PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARLYAND, | ) ) ) | CASE NO. 19-CV-49 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| OMNI CONSTRUCTION COMPANY, INC., *et al.*, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | [Resolving ECF No. 16] |

Pending is Plaintiff Fidelity & Deposit Company of Maryland ("Fidelity")'s Motion for Summary Judgment (ECF No. 16). Defendants Omni Construction Company Inc. ("Omni"), Richard Stone and Suzanna L. Stone ("the Stones") have filed a response in opposition (ECF No. 19). Plaintiff replied (ECF No. 21). For the reasons that follow, Plaintiff's motion is granted.

## I. Background

In this diversity action[1], Plaintiff seeks recovery under an indemnity agreement executed by Defendants in favor of Plaintiff. ECF No. 16 at PageID #: 88-92. Defendants agreed, jointly and severally, to indemnify Plaintiff with respect to losses it might sustain under surety bonds issued by Plaintiff in connection with certain construction contracts which Plaintiff were required to complete if Defendants defaulted. *Id*.; ECF No. 19 at PageID #: 168.

---

[1] Plaintiff is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. ECF No. 1 at PageID #: 2. Omni is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. The Stones are citizens of the State of Ohio. *Id*.; ECF No. 7 at PageID #: 23.

(1:19CV49)

The following facts are undisputed. On August 28, 2013, Plaintiff, as surety, entered into an indemnity agreement with Defendants, as indemnitors. *See* ECF No. 19 at PageID #: 168. The agreement provides, *inter alia*:

> **2. INDEMNITY:** Indemnitors shall exonerate, indemnify, and hold Surety harmless from any and all liability and Loss, sustained or incurred, arising from or related to: (a) any Bond, (b) any Claim, (c) any Indemnitor failing to timely and completely perform or comply with this Agreement, (d) Surety enforcing this Agreement or (e) any act of Surety to protect or procure any of Surety's rights, protect or preserve any of Surety's interests, or to avoid, or lessen Surety's liability or alleged liability. The liability of Indemnitors to Surety under this Agreement includes all Claims made on Surety, all payments made, Loss incurred, and all actions taken by Surety under the Good Faith belief that Surety is, would be or was liable for the amounts paid or the actions taken, or that it was necessary or expedient to make such payments or take such actions, whether or not such liability, necessity or expediency existed. Indemnitors shall promptly, upon demand, make payment to Surety as soon as liability or Loss exists, whether or not Surety has made any payment. An itemized statement of Loss, sworn to by any officer of Surety, or the voucher or other evidence of any payment, shall be prima facie evidence of the fact, amount and extent of the liability of Indemnitors for such Loss. Indemnitors shall promptly, upon demand, procure the full and complete discharge of Surety from all bonds and all liability in connection with such Bonds. If Indemnitors are unable to obtain discharge of any or all such Bonds within the time demanded, Indemnitors shall promptly deposit, with Surety an amount of money that Surety determines is sufficient to collateralize or pay any outstanding bonded obligations.

ECF No. 16-2 at PageID #: 101.

> **Loss** means all premiums due to Surety and any and all liability, loss, Claims, damages, court costs and expenses, attorneys' fees (including those of Surety), consultant fees, and all other costs and expenses, including but not limited to any additional or extracontractual damages arising from Surety's Settlement of any Claim. Pre-judgment and post judgment Interest shall accrue from the date of any payment made by Surety with respect to any of the foregoing at the maximum default rate permitted by law.

*Id*. at PageID #: 105.

(1:19CV49)

Upon execution of the indemnity agreement by Defendants, Plaintiff issued performance and payment bonds and a subdivision bond for which Omni was the bond principal for several projects ("the Bonds"). *See* ECF No. 16-2 at PageID #: 106-07; ECF No. 16-3. After issuing the Bonds, Plaintiff received multiple claims alleging that Omni failed to perform its obligations under contracts for which bonds had been issued. ECF No. 16 at PageID #: 91; 16-1 at PageID #: 98-99 (noting Omni failed to perform work in accordance with contract plans and specifications and/or failed to pay its labor and/or material suppliers). Pursuant to its obligations under the Bonds, Plaintiff made payments totaling $6,324,214.63. ECF No. 16-1; ECF No. 16 at PageID #: 91-92.

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F. 3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F. 2d 399, 403 (6th Cir. 1992).

3

(1:19CV49)

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute.  An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403.  In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Aickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

"The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  The fact under dispute must be "material," and the dispute itself must be "genuine."  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott*, 550 U.S. at 380.  In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict. *Id*. ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party.").

4

(1:19CV49)

### III.  Analysis

Federal courts apply the substantive law of the forum state to actions brought pursuant to its diversity jurisdiction. *Erie v. Tompkins*, 304 U.S. 64, 73 (1938); *Savedoff v. Access Grp.*, 524 F.3d 754, 762 (6th Cir. 2008). Accordingly, the laws of the State of Ohio apply to this dispute.

It is well settled under Ohio law that indemnity contracts are construed in accordance with the rules for the construction of contracts generally. *Worth v. Aetna Cas. & Sur. Co.*, 513 N.E.2d 253, 256 (Ohio 1987); *Brown v. Gallagher*, 993 N.E.2d 415, 419 (Ohio Ct. App. 2013). To establish a breach of contract claim in Ohio, a plaintiff must prove the existence of a contract, performance by the plaintiff, breach by the defendant and damage or loss to the plaintiff. *Carbone v. Nueva Constr. Grp., L.L.C.*, 83 N.E.3d 375, 380 (Ohio Ct. App. 2017). A party breaches a contract if he fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions. *Id.*; *Telecom Acquisition Corp. I v. Lucic Ents., Inc.*, 62 N.E.3d 1034, 1044 (Ohio Ct. App. 2016). The nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used in the agreement. *Worth*, 513 N.E.2d at 256. All words used must be taken "in their ordinary and popular sense." *Glaspell v. Ohio Edison Co.*, 505 N.E.2d 264, 267 (Ohio 1987). When the terms of an indemnity agreement are unambiguous, a trial court may enter judgment as a matter of law. *Amwest Sur. Ins. Co. v. Hunkler*, 1997 WL 39900, at *3 (Ohio Ct. App. Jan. 30, 1997) (citing *Davis v. Loopco Indus., Inc.*, 609 N.E.2d 144, 145 (Ohio 1993)).

The indemnity agreement in this case unambiguously provides that Defendants are required to pay Plaintiff for "any and all liability and loss sustained or incurred," arising from

5

(1:19CV49)

Plaintiff's payment on the Bonds. ECF No. 16-2 at PageID #: 101. Defendants do not dispute that the parties executed the indemnity agreement which obligated them to indemnify Plaintiff against all losses, costs, or expenses incurred on the Bonds; that Plaintiff issued the Bonds; that Plaintiff incurred $6,324,214.63 in losses when it paid the amounts owed on behalf of Defendants; and that Plaintiff is contractually entitled to reimbursement for losses and expenses incurred as a result. *See* ECF No. 19. Defendants aver, however, that summary judgment is precluded because Plaintiff overpaid. *Id*. at PageID #: 170 ("The amount spent by the bonding company is so out of whack on its face in proportion to the percentage of the jobs that were incomplete as to create an issue of fact regarding the reasonableness of the amounts expended.")

The indemnity agreement contains a "prima facie clause," which states: "[a]n itemized statement of Loss, sworn to by any officer of Surety, or the voucher or other evidence of any payment, shall be prima facie evidence of the fact, amount and extent of the liability of Indemnitors for such Loss." ECF No. 16-2 at PageID #: 101. Ohio courts enforce prima facie clauses in the surety context. *Cincinnati Ins*. *Co*. *v*. *Savarino Const*. *Corp*., 2011 WL 1068022, at *19 (S.D. Ohio Mar. 21, 2011) (recognizing the validity of the prima facie clause and holding that it is conclusive proof of the surety's losses absent a showing of bad faith by defendant) (citing *Transamerica Insurance Co*. *v*. *Bloomfield*, 401 F.2d 357, 363 (6th Cir. 1968) (holding a prima facie clause valid between surety and indemnitor)); *see also Associated Maint*. *& Roofing Co*. *v*. *Rockwell Int'l Corp*., 1994 WL 109003, at *3 (Ohio Ct. App. Mar. 29, 1994) (holding valid a prima facie clause and finding the affidavit and itemized statement of surety's agent sufficient to establish the amount of losses due). When the plaintiff-surety produces evidence

(1:19CV49)

sufficient to meet the prima facie clause in the parties' indemnity agreement, the burden of proof shifts to the defendant-indemnitor to show that any payment made by plaintiff was not made in good faith. *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co.*, 479 F. App'x 684, 690 (6th Cir. 2012); *see also Cincinnati Ins. Co.*, 2011 WL 1068022, at *19.

Plaintiff has submitted evidence of payments made, as well as evidence supporting Defendants' liability for reimbursement. ECF No. 16-1; ECF No. 16-4. The affidavit of Paul Grego (ECF No. 16-1), senior claim counsel for Fidelity, satisfies the requirement of whom may attest to losses under the prima facie clause. The itemized list referenced in Grego's affidavit (ECF No. 16-4) meets the requirement that the surety's losses be itemized. Thus, the burden of proof shifts to Defendants to show that any payment was not made in good faith. *Am. Contractor's Indemn. Co. v. Nicole Gas Prod., Ltd.*, 2008 WL 4416671, at *4-6 (Ohio Ct. App. Sept. 30, 2008) (noting once surety meets prima facie burden of proof with supportive evidence, indemnitor must rebut with evidence of surety's bad faith in making payments).

To rebut Plaintiff's evidence, Defendant has filed an affidavit of Defendant Richard Stone, whom therein discusses the status of completion of a number of construction contracts underlying the Bonds, settlements reached on some of the construction projects, and Plaintiff's refusal of Defendants' assistance in "completing the jobs and mitigat[ing] damages" after Omni had defaulted. ECF No. 19-1. Defendants have also offered evidence of contractors' applications for payment and email correspondence with contractors. ECF Nos. 19-3, 19-5, 19-6.

7

(1:19CV49)

Having evaluated the filings in the light most favorable to Defendant, the Court finds there to be a lack of evidence suggesting Plaintiff acted in bad faith. Defendants' evidence, which goes to great lengths to underscore the status of the projects for which bonds had been issued prior to the closing of Omni's business, is inadequate rebuttal evidence to show Plaintiff acted in bad faith in discharging its responsibilities under the indemnity agreement. Defendants' bare allegations that Plaintiff failed to investigate the status of completion of each project does not create a genuine issue of material fact precluding the award of summary judgment in Plaintiff's favor. *Great Am. Ins. Co. v. E.L. Bailey & Co., Inc.*, 841 F.3d 439, 449 (6th Cir. 2016) (finding allegations the surety failed to properly investigate claims was insufficient to raise an issue of material fact regarding actual bad faith).

Plaintiff's motion is well taken. The language of the indemnification agreement is plain, unambiguous, and capable of only one reasonable interpretation: that Indemnitors are liable on all payment made by Plaintiff. As noted, Defendants do not dispute that they are bound by the agreement. By signing the indemnity agreement, Defendants expressly agreed that any itemized statement of loss, verified by affidavit, would be prima facie evidence of the fact and amount of loss. Plaintiff has produced competent, credible evidence suggesting it appropriately discharged its duties pursuant to the parties' agreement. Because Defendants failed to present specific facts[2] suggesting bad faith in Plaintiff's efforts to settle the Bonds, summary judgment is appropriate.

---

[2] *See Matsushita*, 586-87 (1986) (finding summary judgment appropriate when a party does not meet its burden of coming forward with specific facts showing a genuine dispute of material fact for trial).

(1:19CV49)

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 16) is granted. Judgment is entered in favor of Plaintiff Fidelity & Deposit Company of Maryland against Defendants Omni Construction Company Inc., Richard Stone and Suzanna L. Stone jointly and severally in the amount of $6,324,214.63 plus court costs and expenses, attorneys' fees, and pre-judgment and post-judgment interest. A separate judgment shall issue.

IT IS SO ORDERED.

| | |
|---|---|
| April 24, 2020 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |